**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOLDEN ADVENTURE SHIPPING CORP., *et al.* | ) |
| | |
|    Plaintiffs, | ) |
| | ) |
| v. | ) **Civil Action No.** |
| | ) **1:26-cv-01103-SLS** |
| ISLAMIC REPUBLIC OF IRAN, *et al.* | ) |
| | ) |
|    Defendants. | ) |

## <u>MOTION FOR ENLARGEMENT OF TIME TO EFFECT SERVICE</u>

Plaintiffs Golden Adventure Shipping Corporation and Dr. Hassan Chahadeh, by and through undersigned counsel, respectfully move this Court, pursuant to Federal Rules of Civil Procedure 6(b)(1)(B) and 4(m), and the Court's inherent authority to manage its docket, for an Order enlarging the time within which Plaintiffs must effect service of process through and including December 29, 2026 (one hundred eighty (180) days from the date of this Motion). The grounds for this Motion are set forth more fully in the accompanying Memorandum in Support, filed herewith and incorporated by reference. In support, Plaintiffs state as follows:

1.    Plaintiffs filed the Complaint in this action on April 1, 2026.

2.    Multiple Defendants in this action are foreign sovereigns, instrumentalities of foreign states, or business entities located outside the United States.

3.    Service on the Foreign Defendants must be accomplished through means materially more time-consuming than domestic service, including:

    a.  As to some foreign sovereign entity Defendants, the procedures prescribed by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, which require transmittal of

translated documents through the United States Department of State and, in turn, foreign-government channels under § 1608(a)(4) or (b);

b.  As to Defendant entities in China, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which requires transmittal to the foreign Central Authority together with certified translations; the People's Republic of China has objected to the alternative methods of service under Article 10, requiring that service proceed exclusively through its Central Authority, where processing routinely requires many months;

c.  As to Defendants in Russia, the Hague Service Convention, with respect to which the Russian Federation unilaterally suspended judicial cooperation with the United States in 2003, such that service requests are not presently being processed through the ordinary channel and alternative court-authorized means must be pursued.

4.      Plaintiffs have exercised, and continue to exercise, diligence in pursuing service. Service of process has thus far been attempted on all defendants, aside from the Islamic Republic of Iran, and in most cases initial attempts have been unsuccessful and service could not be completed through the Defendants' representatives or agents in the United States.

5.      Among other steps, counsel has retained a vendor specializing in international service and certified translation and is in the process of preparing and submitting Hague Convention request packets (USM-94 forms) for transmittal to the Chinese Central Authority; is in the process of preparing documents required by 28 U.S.C. § 1608 for transmittal through the U.S. State Department; and is preparing an application for alternative service under Rule 4(f)(3) as to those Defendants for whom conventional channels are unavailable.

6.      The delays attendant to foreign service in this case are substantially outside Plaintiffs' control and arise from the necessity of pursuing more difficult international service in the absence of domestic service, the anticipated backlog and processing times of the relevant foreign central authorities, the suspension of judicial cooperation by the Russian Federation, the diplomatic-channel timeline mandated by 28 U.S.C. § 1608, and the unavailability of conventional service in a non-Convention jurisdiction.

7.      No Defendant will be prejudiced by the relief requested. This action remains in its earliest procedural posture, and the requested enlargement is sought in good faith and not for purposes of delay.

8.      Only one Defendant thus far – COSCO North America – has entered an appearance of counsel, and counsel for COSCO North America and undersigned counsel have agreed to a briefing schedule that would be unaffected by this request.

9.      This is Plaintiffs' first request for an enlargement of the time to effect service.

10.     The Foreign Defendants against whom service is still being sought have not appeared in this action and are not represented by counsel with whom Plaintiffs could confer regarding this Motion. Counsel for Plaintiffs conferred with counsel for Defendant COSCO North America on 2 July 2026, and they take no position on the relief requested.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order: (i) enlarging the time within which Plaintiffs must effect service of process through and including December 29, 2026 (one hundred eighty (180) days from the date of this Motion); (ii) confirming that, as to every Defendant who must be served abroad—including the foreign-state Defendants served under Rule 4(j)(1) and 28 U.S.C. § 1608, and any Defendant who could not be served

domestically and must be served abroad under Rule 4(f) or 4(h)(2)—the 90-day time limit of Rule 4(m) does not apply and Plaintiffs' obligation is measured by reasonable diligence in pursuing the applicable foreign-service procedures; (iii) directing Plaintiffs to file periodic status reports on the progress of foreign service every 60 days; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

GOLDEN ADVENTURE SHIPPING CORP.

and DR. HASSAN CHAHADEH

By: ***John R. Thomas, Jr.***

Counsel for Plaintiffs

John R. Thomas, Jr. (D.C. Bar No. 1027981)
John Hafemann (GA Bar No. 327982)
M. Brian Magee (GA Bar No. 566350)
**HAFEMANN MAGEE & THOMAS, LLC**
1000 Towne Center Boulevard
Suite 804
Pooler, GA 31322
(540) 759-1660
jt@fed-lit.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

***/s/ John R. Thomas, Jr.***

John R. Thomas, Jr. (D.C. Bar No. 1027981)

John Hafemann (GA Bar No. 327982)
M. Brian Magee (GA Bar No. 566350)
**HAFEMANN MAGEE & THOMAS, LLC**
1000 Towne Center Boulevard
Suite 804
Pooler, GA 31322
(540) 759-1660
jt@fed-lit.com

*Counsel for Plaintiffs*