**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GOLDEN ADVENTURE SHIPPING CORP., *et al.*  )
              )
 Plaintiffs,          )
              )  **Civil Action No.**
v.             )  **1:26-cv-01103-SLS**
              )
ISLAMIC REPUBLIC OF IRAN, *et al.*   )
              )
 Defendants.         )

**MEMORANDUM IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME TO**

**EFFECT SERVICE**

Under Federal Rule of Civil Procedure 6(b), when an act must be done within a specified time, the court may, for good cause, extend the time if the request is made before the original period expires. Fed. R. Civ. P. 6(b)(1)(A). After the period has expired, the court may extend it where the party's failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The 90-day service period ran on June 30, 2026; because this Motion follows shortly thereafter, Plaintiffs address the excusable-neglect standard below to the extent that period applied to any Defendant.[1]

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss without prejudice or order service within a specified time—but if the plaintiff shows good cause, the court must extend the time "for an appropriate period." Fed. R. Civ. P. 4(m). Even absent good cause, the court retains discretion to extend the period. See

---

[1] Rule 4(m) independently authorizes an extension of the time to serve—mandatorily on a showing of good cause, and otherwise in the Court's discretion—and, as explained infra, its 90-day deadline does not apply to the foreign Defendants served under Rule 4(f), 4(h)(2), or 4(j)(1). The excusable-neglect showing addressed here is therefore necessary only insofar as the expired 90-day period applied to a Defendant to whom it runs.

Fed. R. Civ. P. 4(m) advisory committee's note (1993); *Henderson v. United States*, 517 U.S. 654 (1996).

Critically, the 90-day limit of Rule 4(m) "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." Fed. R. Civ. P. 4(m). As to defendants served abroad, courts therefore do not impose the flat 90-day deadline; instead, the plaintiff must act with reasonable diligence in pursuing foreign service. See *Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir. 2012); *Nylok Corp. v. Fastener World, Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). This exception governs any Defendant who must be served abroad—including a Defendant initially believed subject to domestic service who could not be served by that means and can be reached only through foreign channels under Rule 4(f) or 4(h)(2).

The framework differs, however, for those Defendants that are foreign states or their agencies or instrumentalities. Service on such Defendants—including the Islamic Republic of Iran—is governed not by Rule 4(f) but by Rule 4(j)(1) and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608. Fed. R. Civ. P. 4(j)(1). Section 1608(a) prescribes four exclusive, hierarchical methods for serving a foreign state or political subdivision, and § 1608(b) governs service on an agency or instrumentality; strict compliance is required, and actual notice does not excuse a defect.[2] Because Rule 4(m)'s deadline is expressly inapplicable to service under Rule 4(j)(1), the 90-day period does not run against these Defendants either. Fed. R. Civ. P. 4(m).

---

[2] See *Republic of Sudan v. Harrison*, 139 S. Ct. 1048 (2019) (requiring strict compliance with the FSIA's service provisions). As to the Islamic Republic of Iran specifically, service by mail under § 1608(a)(3) is unavailable, so service proceeds under § 1608(a)(4) through the U.S. Department of State by diplomatic channels—requiring a Farsi translation, a notice of suit under 22 C.F.R. § 93.2(e), a 60-day response period, and payment of the Department's statutory fee—a process that ordinarily takes many months and cannot reliably be completed within 90 days.

## II. Argument

### A. Good cause amply supports the requested enlargement.

Good cause turns on the diligence of the plaintiff's efforts, the absence of prejudice to the defendant, and whether the defendant has notice of the action. In this Circuit, good cause requires a valid reason for the delay.[3] Each factor favors Plaintiffs. Foreign service is inherently protracted, and the obstacles here are not of Plaintiffs' making. Plaintiffs have diligently initiated service of process and, upon failing to achieve domestic service, begun the process of submitting Hague Service Convention requests for Defendants located in Convention states and, for the foreign-state Defendants, service requests under 28 U.S.C. § 1608, and other necessary steps to serve foreign defendants. Indeed, several Defendants initially understood to be subject to domestic service could not be served by that means, requiring Plaintiffs to pursue foreign service as to them as well—a circumstance outside Plaintiffs' control rather than any want of diligence on Plaintiffs' part.[4] No Defendant has identified any prejudice from an extension while this case remains at the pleading stage.

### B. As to the Foreign Defendants, the relief is protective and confirms the governing framework.

Because Rule 4(m)'s deadline does not apply to service abroad—whether under Rule 4(f) or, as to the foreign-state Defendants, under Rule 4(j)(1) and 28 U.S.C. § 1608—the principal effect of the requested Order is to confirm that Plaintiffs' foreign-service obligations are measured by reasonable diligence and by the § 1608 procedures and to establish an orderly

---

[3] *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012); *accord Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993).

[4] Even absent good cause, the district court has discretion to extend the time for service in light of equitable considerations. Fed. R. Civ. P. 4(m) advisory committee's note (1993). The need to pursue foreign service as to Defendants who could not be served domestically is such a consideration.

schedule of status reports. This avoids any later dispute over timeliness and ensures the Court remains apprised of progress.

### C. Even if the deadline applied and has run, Plaintiffs' brief delay is the product of excusable neglect.

To the extent the 90-day period applied to any Defendant and expired before this Motion was filed, the Court may extend the time where the delay resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). That inquiry is equitable, weighing the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and the movant's good faith.[5] Each consideration favors Plaintiffs. The delay is measured in days, not months: the period ran on June 30, 2026, and Plaintiffs sought relief promptly thereafter, so no extension will disrupt these proceedings. No Defendant has identified any prejudice; indeed, the only Defendant to have appeared takes no position on the requested relief, and the case remains at the pleading stage. The reason for the delay is the inherent complexity and protracted timeline of perfecting service on the foreign-state Defendants under 28 U.S.C. § 1608 and on the other foreign Defendants under the Hague Service Convention, and is compounded because several Defendants believed subject to domestic service could not be served by that means, so that the need for foreign service as to them emerged only after Plaintiffs' domestic attempts failed, which are circumstances largely outside Plaintiffs' control, rather than any lack of diligence. And Plaintiffs have proceeded in good faith throughout, having promptly initiated service and pursued the required foreign-service channels. Because Plaintiffs have also shown good cause, the Court

---

[5] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *id.* at 392 ("excusable neglect" under Rule 6(b) carries the same meaning); *accord Smith v. District of Columbia*, 430 F.3d 450, 456–57 (D.C. Cir. 2005); *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1208 (D.C. Cir. 2003).

must extend the period under Rule 4(m); at a minimum, the equities establish excusable neglect and warrant an extension in the Court's discretion.

### III.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and enter the proposed Order enlarging the time to effect service through and including December 29, 2026 (one hundred eighty (180) days from the date of this Motion); confirming that, as to every Defendant who must be served abroad (including the foreign-state Defendants served under Rule 4(j)(1) and 28 U.S.C. § 1608, and any Defendant who could not be served domestically and must be served abroad under Rule 4(f) or 4(h)(2)) Rule 4(m)'s 90-day deadline does not apply and Plaintiffs' obligation is measured by reasonable diligence in pursuing the applicable foreign-service procedures; and directing Plaintiffs to file periodic status reports on the progress of foreign service.

Respectfully submitted,

*/s/ John R. Thomas, Jr.*
John R. Thomas, Jr. (D.C. Bar No. 1027981)
John Hafemann (GA Bar No. 327982)
M. Brian Magee (GA Bar No. 566350)
**HAFEMANN MAGEE & THOMAS, LLC**
1000 Towne Center Boulevard
Suite 804
Pooler, GA 31322
(540) 759-1660
jt@fed-lit.com

*Counsel for Plaintiffs*