**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOLDEN ADVENTURE SHIPPING CORP., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-1103 (SLS)<br>Judge Sparkle L. Sooknanan |

**MEMORANDUM OPINION**

In February 2024, the MV Rubymar, a commercial maritime vessel owned and operated by Golden Adventure Shipping Corporation (Golden Adventure), was transiting through the Red Sea when Houthi rebels struck the ship with a ballistic missile. Fortunately, the crew was able to safely evacuate. But despite their best efforts to save the MV Rubymar, it sank along with 21,000 metric tons of ammonium phosphate sulfate fertilizer valued at over $10 million. The Plaintiffs, who owned the MV Rubymar, brought this lawsuit alleging that the ship's demise resulted from an ongoing conspiracy among multiple foreign governments and state-affiliated entities. One of those Defendants, COSCO SHIPPING (North America) Inc. (COSCO NA)—the North American subsidiary of a Chinese-state-owned shipping conglomerate—has moved to dismiss the claims against it on various grounds. Because the Court concludes that it lacks personal jurisdiction over COSCO NA, it must dismiss the Plaintiffs' claims against that Defendant.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiffs' Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

On February 18, 2024, the MV Rubymar, a commercial maritime vessel carrying over $10 million in fertilizer, was struck in the Red Sea by an Iranian-designed missile launched by Houthi rebels. Compl. ¶¶ 2, 4, ECF No. 1. The missile's propellant was made using Chinese chemical precursors and obtained in part through financial channels maintained by certain Chinese banking companies. Compl. ¶ 4. Subsequent rescue efforts were unsuccessful, and the ship sank a few weeks later, on March 2, 2024. Compl. ¶ 4.

In April 2026, the Plaintiffs—Golden Adventure Shipping Corporation (Golden Adventure), the legal successor corporation to the MV Rubymar's original corporate owner, and Dr. Hassan Chahadeh, Golden Adventure's sole shareholder, Compl. ¶¶ 2–3—filed suit. They allege that the MV Rubymar's sinking resulted from a conspiracy among the Defendants—the People's Republic of China (China), the Islamic Republic of Iran, and various corporations affiliated with the Chinese and Russian governments—and Houthi rebels. Compl. ¶¶ 5–9, 13, 15. One of the Defendants is COSCO NA, the "regional management subsidiary[,]" Compl. ¶ 50, of the Defendant China COSCO Shipping Corporation Limited (COSCO), "a majority state-owned multinational shipping and logistics conglomerate." Compl. ¶ 47. In a nutshell, the Complaint alleges that the Defendants have conspired "to restrict and control commercial shipping in the Red Sea," Compl. ¶ 6, with Chinese entities purchasing Iranian crude oil, Chinese financial institutions funding the Iranian military and its Houthi proxy, and the Houthis suppressing non-Chinese commercial shipping in the Red Sea, Compl. ¶ 5. The Complaint brings five claims against each Defendant: two claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act,

18 U.S.C. §§ 1961–1968, one claim under the Antiterrorism Act (ATA), 18 U.S.C. § 2333, and two common-law tortious interference claims. *See* Compl. ¶¶ 112–31.[1]

Before the Court at this stage is COSCO NA's motion to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6). Def.'s Mot. Dismiss, ECF No. 9. That motion is fully briefed and ripe for review. *See* Def.'s Mem. in Support of Mot. to Dismiss (Mot.), ECF No. 9-1; Pls.' Opp'n (Opp'n), ECF No. 10; Def.'s Reply (Reply), ECF No. 18.

## LEGAL STANDARD

When a party moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, "[t]he plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Although a court must resolve factual discrepancies in the plaintiff's favor, *id.*, the plaintiff "must allege specific acts connecting [the] defendant with the forum" and "cannot rely on conclusory allegations" alone, *Clay v. Blue Hackle N. Am., LLC*, 907 F. Supp. 2d 85, 87 (D.D.C. 2012) (alteration in original) (quoting *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). A court also "need not treat all of plaintiffs' allegations as true, and instead 'may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts.'" *Clay*, 907 F. Supp. 2d at 87 (quoting *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000)).

## DISCUSSION

The Defendant moves to dismiss the Plaintiffs' suit for lack of subject-matter jurisdiction, for lack of personal jurisdiction, and for failure to state a claim. *See* Mot. at 1. Because the Court agrees that it lacks personal jurisdiction over the Defendant, it will grant the Defendant's motion

---

[1] As addressed below, the Plaintiffs have abandoned their ATA claim against the Defendant COSCO NA. *See* Opp'n at 22.

to dismiss for lack of personal jurisdiction without determining subject-matter jurisdiction or the merits of the Plaintiffs' claims. *Cf. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("In appropriate circumstances . . . a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction.").[2]

The Plaintiffs advance two theories of personal jurisdiction: (1) contacts with the District of Columbia, and (2) the ATA and RICO Act. Neither suffices.

**A. Contacts with the District of Columbia**

Without elaboration, the Plaintiffs' Complaint alleges that "[t]his Court has personal jurisdiction over all non-sovereign Defendants that maintain offices, branches, subsidiaries, agents, or other operations within the United States, as detailed below, and over foreign sovereign agencies and instrumentalities as provided by the applicable exceptions to the FSIA." Compl. ¶ 20. The Plaintiffs now disclaim any contention that the Defendant COSCO NA is an "agency or instrumentality of the People's Republic of China" subject to the FSIA's personal jurisdiction provisions. Opp'n at 2; *see also Gligorov v. Nation of Brunei*, 185 F.4th 1169, 1178 (D.C. Cir. 2026) ("[A] plaintiff can forfeit theories of personal jurisdiction by failing to raise them in

[2] Although the Court resolves the Defendant's motion on personal jurisdiction grounds, it notes that it doubts the sincerity of the Plaintiffs' contentions with respect to subject-matter jurisdiction. The Complaint includes boilerplate language alleging two general sources of subject-matter jurisdiction—admiralty or maritime jurisdiction, 28 U.S.C. § 1333, and federal question jurisdiction, 28 U.S.C. § 1331. Compl. ¶¶ 10–11. But it identifies the "exclusive[]" basis for subject-matter jurisdiction over this Defendant as the Foreign Sovereign Immunities Act (FSIA). Compl. ¶ 13; *see also* Compl. ¶ 75 ("Jurisdiction over all Chinese Defendants and all Russian Defendants rests exclusively on the commercial activity exception [to the FSIA.]"). So the Defendant understandably moved to dismiss for lack of subject-matter jurisdiction based on the FSIA. *See* Mot. at 4–16. In response, the Plaintiffs ask the Court to look the other way, recasting the Complaint as pleading subject-matter jurisdiction as to COSCO NA under federal question and admiralty jurisdiction, not the FSIA. *See* Opp'n at 1–2. In doing so, they advance a strained reading of the Complaint that is inconsistent with other allegations. While the Court need not resolve this dispute, it cautions counsel to be mindful of their duty of candor to the Court.

briefing.”). Instead, they claim that COSCO NA is a corporation headquartered in Secaucus, New Jersey that “governs approximately twenty subsidiaries and joint ventures throughout the United States, Canada, Panama, and Mexico, with additional offices in Houston, Texas and Long Beach, California.” Compl. ¶ 50. Thus, in determining its personal jurisdiction over COSCO NA, the Court applies ordinary principles governing personal jurisdiction over domestic corporations.[3]

“Personal jurisdiction is the Court’s ability to exercise coercive authority over a defendant.” *Gu v. Trump*, No. 25-cv-460, 2025 WL 3684896, at *2 (D.D.C. Dec. 19, 2025) (cleaned up). “Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.” *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). “But the Due Process Clause of the Fourteenth Amendment limits the reach of such state law,” *Gu*, 2025 WL 3684896, at *2, because it “protects an individual’s liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful ‘contacts, ties, or relations[,]’” *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int’l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). As a constitutional matter, “[p]ersonal jurisdiction can be established in three ways.” *Alpine Consulting Partners, LLC v. Jacokes*, No. 25-cv-913, 2025 WL 2959574, at *2 (D.D.C. Oct. 17, 2025). “First, ‘specific jurisdiction’ permits suits that

---

[3] Urging that the Defendant “[did] not present a minimum-contacts or long-arm analysis in its opening brief, and [did] not address general or specific jurisdiction[,]” the Plaintiffs “request leave to respond” on personal jurisdiction. Opp’n at 12. The Defendant’s motion contested personal jurisdiction under the FSIA—because the Plaintiffs’ Complaint alleged that jurisdiction was based “exclusively” on the FSIA, as discussed above. Compl. ¶ 13. But in any event, the Plaintiffs, not the Defendant, bear the burden to establish personal jurisdiction, *see Crane*, 894 F.2d at 456, and the Defendant’s reply raises no arguments that fall outside the scope of the Plaintiffs’ opposition, *see Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (“As Courts consistently observe, when arguments raised for the first time in reply fall within the scope of the matters the opposing party raised in opposition, and the reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.” (cleaned up)). So the Court denies the Plaintiffs’ request to provide additional briefing.

'arise out of or relate to' a [] defendant's activities in the forum State." *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 137 (2023) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). Second, a court may exercise "general jurisdiction" over any claim "when a defendant is 'essentially at home' in the State." *Ford Motor*, 592 U.S. at 358 (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)). Third, "express or implied consent" can serve as a "ground" for "personal jurisdiction" as well. *Mallory*, 600 U.S. at 138 (quotation omitted).

Here, the Plaintiffs plead no facts that can sustain any of these theories of personal jurisdiction. The Plaintiffs do not allege that COSCO NA has undertaken any activities in the District of Columbia, is at home in the District of Columbia, or has consented to jurisdiction in the District of Columbia. As alleged in the Complaint, the Defendant is based in New Jersey and operates in Texas and California. *See* Compl. ¶ 50. Indeed, the Complaint only mentions the District of Columbia *once*. *See* Compl. ¶ 19 ("Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4), which provides that a civil action against a foreign state or political subdivision thereof may be brought 'in the United States District Court for the District of Columbia.'" (quoting 28 U.S.C. § 1391(f)(4)). At bottom, the Complaint alleges no connection at all between COSCO NA and the District of Columbia, which dooms the Plaintiffs' claim of personal jurisdiction based on the Defendants' contacts with the District.

**B. The ATA and RICO Act**

Perhaps recognizing the lack of allegations linking this Defendant to the District of Columbia, the Plaintiffs step outside the three traditional forms of personal jurisdiction, hanging their hat on provisions of the ATA and the RICO Act that authorize nationwide service of process. *See* Opp'n at 12 (invoking 18 U.S.C. §§ 1964(a), 1965(b), 2334(a)). Under these provisions, the

Plaintiffs argue, the Court may evaluate personal jurisdiction by considering only whether COSCO NA has "sufficient contacts with the United States as a whole[,]" rather than with the District of Columbia. Opp'n at 12; *see also Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 95–96 (D.D.C. 2003) ("Because the [ATA] provides for nationwide service of process, the relevant Due Process inquiry for personal jurisdiction purposes, assuming that the defendant has been properly served, is whether the defendant has had minimum contacts with the United States." (cleaned up)). However, neither the ATA nor the RICO Act salvages the Plaintiffs' claims.

Starting with the ATA, the Plaintiffs "do not press [their ATA claim] against COSCO NA" and "consent[ed] to its dismissal as to COSCO NA without prejudice." Opp'n at 22. So it is unclear why the Plaintiffs rely on the ATA for personal jurisdiction. The Plaintiffs cannot use the ATA's service provisions to obtain jurisdiction over a Defendant against whom they do not bring an ATA claim. *Cf. Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 31 (D.D.C. 2010) ("A plaintiff may utilize a statute's nationwide service of process to establish personal jurisdiction if the plaintiff asserts merely a colorable claim under the statute." (cleaned up)).

The RICO Act is of no help either. The Plaintiffs rely on 18 U.S.C. § 1965(a), which applies to "any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." *Id.* But the Plaintiffs' Complaint alleges no connection at all between COSCO NA and the District of Columbia, so this provision is inapplicable. The Plaintiffs also invoke 18 U.S.C. § 1965(b). But that provision applies only "once personal jurisdiction is established over one defendant in a RICO case," at which point it "extends personal jurisdiction over all other properly served defendants when 'the ends of justice [so] require[.]'" *Gligorov*, 185 F.4th at 1178 (alteration in original) (quoting 18 U.S.C. § 1965(b)); *see also FC Inv. Group v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1099–1100 (D.C. Cir. 2008) (adopting the Second and Ninth Circuits' interpretation of

Section 1965(b), which reasoned that "for nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators" (cleaned up)), *overruled on other grounds*, *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883 (D.C. Cir. 2021). Here, the Plaintiffs have yet to establish this Court's personal jurisdiction over *any* Defendant in this case, so Section 1965(b) does not give the Court jurisdiction over COSCO NA.

* * *

In sum, the Plaintiffs have failed to allege constitutionally sufficient minimum contacts between the Defendant COSCO NA and the District of Columbia, and nothing in the ATA or RICO Act changes that result. Accordingly, the Court must dismiss the Plaintiffs' claims against COSCO NA under Rule 12(b)(2) without prejudice. *See Akhmetshin v. Browder*, 181 F.4th 1307, 1318 (D.C. Cir. 2026) ("[I]t is bedrock law that when a federal court grants a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, it must dismiss without prejudice.").

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 9. A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: November 10, 2026